SUMMARY ORDER

Yu Qing Chen, a native and citizen of the People’s Republic of China, seeks review of a March 6, 2009, order of the BIA affirming the October 19, 2006, decision of Immigration Judge (“IJ”) Phillip L. Mo-race, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yu Qing Chen, No. A098 740 747 (B.I.A. Mar. 6, 2009), aff'g No. A098 740 747 (Immig. Ct. N.Y. City Oct. 19, 2006). We assume the parties’ famil *455 iarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In order to qualify for asylum, an applicant must show past persecution or a well-founded fear of persecution on account of his or her race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42). Withholding of removal requires an applicant to show that, if removed, it is more likely than not that her life or freedom would be threatened on account of one of those protected grounds. 8 C.F.R. § 1208.16(b)(1). “The applicant bears the burden of demonstrating eligibility for asylum and withholding of removal.” Delgado v. Mukasey, 508 F.3d 702, 706 (2d Cir.2007).
Chen asserts that she is entitled to asylum and withholding of removal because she is part of the “social group” of Chinese citizens repatriated to China from the United States. She argues that the agency erroneously relied on Matter of A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (BIA 2007), in finding that this alleged social group is not socially visible or defined with sufficient particularity, contending that, to the contrary, members of the group are easily visible upon inspection of their travel documents and sufficiently particular because they constitute a small percentage of the Chinese population.
We need not resolve this issue, for even if the social group Chen proposes were proper, the BIA’s determination that Chen failed to demonstrate a reasonable fear of persecution is supported by substantial evidence. Chen does not challenge the BIA’s finding that Chen’s treatment following her return to China following her first departure — in which she was detained by Chinese authorities for one hour, questioned and fined — did not amount to persecution. See e.g., Xiu Fen Xia v. Mukasey, 510 F.3d 162, 166 (2d Cir.2007) (noting that not all harm or punishment rises to the level of persecution). Chen does, however, challenge the BIA’s finding that Chen failed to demonstrate that she would face more severe consequences if removed to China, citing the evidence she presented regarding prison conditions in China generally and her testimony that others have been detained for longer periods of time in poor conditions. Although Chen’s testimony regarding the experience of others provides some evidence to support a threat of future persecution, in light of Chen’s own prior experience, we cannot find that “any reasonable adjudicator would be compelled to conclude” that Chen possessed an objectively reasonable fear. 8 U.S.C. § 1252(b)(4)(B); see also Aslam v. Mukasey, 537 F.3d 110, 114 (2d Cir.2008) (per curiam) (“[W]e will reverse a finding of fact only if a reasonable fact finder would be compelled to reach a contrary conclusion.”) (internal quotation marks omitted). Accordingly, the BIA’s determination that Chen lacked the requisite threat of future persecution is supported by substantial evidence, and therefore the BIA did not err in denying her applications for asylum and withholding of removal. See 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1).
Chen further argues that the agency erred in denying her request for CAT *456 protection. Specifically, she contends that the agency failed to fully and fairly consider the background evidence she submitted. Although an immigration judge cannot ignore material record evidence in considering an application for relief, we do not require the agency to provide detailed analysis of every piece of evidence in the record. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (“[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.”). Furthermore, the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005) (emphasis omitted); see also Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003). Here, the agency explicitly considered the background evidence and reasonably found that it did not support a finding that Chen — who departed on a valid Chinese passport, was not a criminal or snakehead, and had been detained upon repatriation once before for an hour without any harm — would more likely than not be tortured upon return to China. See Xiao Ji Chen, 471 F.3d at 338 n. 17.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).